UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00445-FDW-DCK

| | |
|---|---|
| WILLETTE L. BOWSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LOUIS DEJOY AND U.S. POSTAL SERVICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 16). This matter has been fully briefed, (Doc. Nos. 17, 18), and is ripe for ruling. For the reasons set forth below, Defendants' Motion is GRANTED IN PART and DENIED IN PART without prejudice to reassert any applicable arguments at summary judgment.

Plaintiff works for Defendant United States Postal Service ("Postal Service") and brings claims against the Postal Service and Postmaster General Louis DeJoy (collectively, "Defendants") for discrimination, retaliation, hostile work environment, and failure to pay arising from her employment in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), Rehabilitation Act of 1973 ("Rehab Act"), Family and Medical Leave Act of 1993 ("FMLA"), Fair Labor Standards Act of 1938 ("FLSA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendants filed the instant motion seeking dismissal of all claims against them pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Relying on Rule 12(b)(1), Defendants argue for dismissal of Plaintiff's Title VII, Rehab Act, and ADEA claims against the Postal Service pursuant because the only proper party for those claims is the head of the agency, which is Postmaster General DeJoy. The Court agrees.

1

Williams v. Bolger, 861 F.2d 267 (4th Cir. 1988) (holding "the only proper defendant on [the plaintiff's Title VII and ADEA claims was the Postmaster General" (citing 42 U.S.C. § 2000e–16(c); Ellis v. United States Postal Service, 784 F.2d 835 (7th Cir. 1986)); see also Keene v. Thompson, 232 F. Supp. 2d 574, 581 (M.D.N.C. 2002) ("as with the Title VII claims, the only proper Defendant in an ADEA action brought by a federal employee is the head of the agency." (citations omitted)). Accordingly, Plaintiff's Title VII, Rehab Act, and ADEA claims against the Postal Service are dismissed.

Defendants' remaining arguments seek dismissal pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies and failure to state a claim. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).

In light of the applicable standard of review[1] and after reviewing the Complaint and the parties' arguments on the instant motion, exhibits to their pleadings, and applicable law, the Court DENIES WITHOUT PREJUDICE the remainder of the motion to dismiss. In large part, the parties' arguments require resolution of factual disputes and are more appropriate for summary judgment; therefore, this Order is without prejudice to the parties' ability to reassert any applicable arguments at that stage of the case.

---

[1] In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 16), is GRANTED IN PART as to Plaintiff's Title VII, Rehab Act, and ADEA claims against the Postal Service and DENIED IN PART as to all other claims and WITHOUT PREJUDICE to the parties' ability to reassert any applicable arguments, if appropriate, at summary judgment.

**IT IS SO ORDERED.**

Signed: April 24, 2024

Frank D. Whitney
United States District Judge